Slip Op. 11-40

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| LEGACY CLASSIC FURNITURE, INC., | |
| Plaintiff, | **Before: Gregory W. Carman, Judge** |
| v. | Court No. 10-00352 |
| UNITED STATES, | |
| Defendant. | |

[*Motion to intervene by proposed Defendant-Intervenors is denied.*]

Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP (Mark E. Pardo; Max F. Schutzman; Andrew T. Schutz) for Plaintiff.

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director; Patricia M. McCarthy; Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Douglas G. Edelschick); for Defendant.

King & Spalding, LLP (Joseph W. Dorn, Stephen A. Jones, J. Michael Taylor, Daniel L. Schneiderman, Steven R. Keener) for Proposed Defendant-Intervenors.

Dated: April 14, 2011

## OPINION AND ORDER

**CARMAN, JUDGE:** Before the Court is the Motion to Intervene as Defendant-Intervenor filed by the American Furniture Manufacturers Committee for Legal Trade and Vaughan-Basset Furniture Company, Inc. (collectively, "AFMC"). (ECF No. 12, "Motion.") The Motion is opposed by both Plaintiff (ECF No. 22, "Pl.'s Opp.") and Defendant (ECF No. 21, "Def.'s Opp."). For the reasons that follow, the Motion is

denied.

I.     **Background:**

This action arises out of Plaintiff's challenge to the results of a scope proceeding in which the Department of Commerce determined that the "Heritage Court Bench" imported by Plaintiff fell within the scope of an antidumping duty order covering wooden bedroom furniture from China. (Def.'s Opp. at 2.) AFMC filed its motion to intervene as of right on January 10, 2011 under USCIT R. 24(a)(1) ("the court must permit anyone to

intervene who: (1) is given an unconditional right to intervene by a federal statute").

The scope inquiry was initiated by Commerce via a notice sent to all interested parties, including AFMC. (See Motion, Ex. 1.) The notice indicated that, "[o]n the basis of Legacy's request, and our review of the case record, the Department has concluded that it cannot determine—based solely on Legacy's request and the descriptions of the merchandise [received by Commerce]—whether Legacy's Heritage Court Bench is included in the scope of the order." (Id.) As a result, Commerce solicited "written arguments and factual information" from interested parties. (Id.)

In response, AFMC filed an entry of appearance and administrative protective order ("APO") application. (Motion, Ex. 2.) Commerce thereafter placed AFMC on the APO service list. (Motion, Ex. 3.) No party (including Legacy and AFMC) thereafter

submitted any factual information or written argument to Commerce, nor did any party file rebuttal comments. (Motion at 4.)

## II. Party to the Proceeding

The dispute between the parties is on the question of whether AFMC was a party to the relevant scope proceeding. (See Motion at 2-10; Pl.'s Opp. at 4-7; Def.'s Opp. at 3-9.) According to AFMC, it has an unconditional right to intervene provided by 28 U.S.C. § 2631(j)(1)(B), which states that "in a civil action under section 516A of the Tariff Act of 1930 . . . an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right." (Motion at 1-2.)

No party contests that AFMC is an interested party within the meaning of 28 U.S.C. § 2631(j)(1)(B), and the Court thus presumes that AFMC is, indeed, an interested party. The dispute here centers on whether AFMC was a "party to the proceeding."

The meaning of the phrase "party to the proceeding" is provided by Commerce's regulations: "'Party to the proceeding' means any interested party that actively participates, through written submissions of factual information or written argument, in a segment of a proceeding." 19 C.F.R. § 351.102(b)(36). The Court of Appeals for the Federal Circuit ("CAFC"), in a non-precedential opinion, has stated that, in order to

intervene, the interested party's participation must "reasonably convey the separate status of a party" and "be meaningful enough to put Commerce on notice of a party's concerns." Laclede Steel Co. v. United States, 1996 U.S. App. LEXIS 16167, *5 (Fed. Cir. 1996). The necessary level of participation requires more than "the filing of procedural documents alone," such as "a combined entry of appearance and request for access to business proprietary information." RHI Refractories Liaoning Co., Ltd. v. United States, Slip Op. 11-12, 35 CIT ___, ___ F. Supp. 2d ___, 2011 WL 335601 at *2 (Jan. 31, 2011). Where an interested party responded to a questionnaire from the Department seeking information to use in selecting respondents, that party was a party to the proceedings. Union Steel v. United States, 33 CIT ___, 617 F. Supp. 2d 1373, 1378 (2009). However, a party that submits an APO application and notice of appearance and then engages in private settlement discussions with other parties is not a party to the proceedings, as the settlement conferences did not constitute "participation . . . before the agency itself." Dofasco Inc. v. United States, 31 CIT 1592, 1598, 519 F. Supp. 2d 1284, 1289 (2007) (emphasis added).

Taken as a whole, the regulation and the cases cited above indicate that, unlike AFMC, a party will be considered a "party to the proceeding" only when that party provides factual information or promotes a legal position before Commerce. AFMC merely filed a notice of appearance and an APO application, but never submitted

factual materials or argument.  The Court holds that AFMC was therefore not a party to the proceeding for purposes of intervention under 28 U.S.C. § 2631(j)(1)(B).

It is worth briefly addressing two arguments raised by AFMC.  First, AFMC argues that its actions "placed itself in a position to submit rebuttal comments," which it never had a chance to submit because "Legacy failed to submit any comments or factual information" and there was "nothing for the AFMC to rebut and no reason to file comments."  (Motion at 4.)

This argument is unavailing because it suggests that the determination of whether a party is a party to the proceeding may rely upon that party's subjective intent.  But intent is irrelevant without some action that conveys that intent to Commerce, as the CAFC held in <u>Laclede Steel</u>, 1996 U.S. App. LEXIS 16167 at *5 (stating that the party must convey to Commerce its "separate status" in a manner sufficient to "put Commerce on notice of a party's concerns.").

Second, AFMC argues that it must be a party to the proceeding simply by virtue of having been placed on the APO service list.  In support of this argument, AFMC reasons that "Congress directed that the disclosure of proprietary information is limited to 'interested parties who are <u>parties to the proceeding</u>.'"  (Motion at 5 (<u>quoting</u> 19 U.S.C. § 1677f(c)(1)) (emphasis added by AFMC).)  In support of this argument, AFMC also points to a Department of Commerce regulation, 19 C.F.R. § 351.305(b), which

Court No. 10-00352                                                                                    Page 6

AFMC characterizes as "restrict[ing]" APO access to "representatives of a party to the proceeding." (Id.) More significantly, AFMC suggests that 19 C.F.R. § 351.102(b)(36) (which defines a party to the proceeding as one that submits factual information or legal argument) conflicts with 19 U.S.C. § 1677f(c)(1), and that "[i]t is black letter law that an agency's regulation cannot be inconsistent with Congressional direction." (Id. at 8.)

The Court rejects the argument that 19 C.F.R. § 351.102(b)(36) conflicts with 19 U.S.C. § 1677f(c)(1) or 19 C.F.R. § 351.305(b). Those provisions do not define "party to the proceeding," and therefore are not in conflict with 19 C.F.R. § 351.102(b)(36), which <u>does</u> provide that definition. Title 19, U.S.C. § 1677f(c)(1) says, in relevant part:

> Upon receipt of an application (before or after receipt of the information requested) which describes in general terms the information requested and sets forth the reasons for the request, the administering authority or the Commission shall make all business proprietary information presented to, or obtained by it, during a proceeding (except privileged information, classified information, and specific information of a type for which there is a clear and compelling need to withhold from disclosure) available to interested parties who are parties to the proceeding under a protective order . . . regardless of when the information is submitted during a proceeding.

This statutory language does not define "party to the proceeding." The Court, following Commerce's regulatory definition of "party to the proceeding" as well as the prior decisions of the CAFC and C.I.T. on this question, rejects the notion that mere addition to the list sufficed to confer "party to the proceeding" status on AFMC.

## Conclusion

In light of the above discussion, and upon consideration of the motion of AFMC to intervene, the responses of Plaintiff and Defendant, and the other papers and proceeding herein, it is hereby

**ORDERED** that AFMC's motion to intervene is denied.

/s Gregory W. Carman/  
Gregory W. Carman, Judge

Dated:     April 14, 2011  
           New York, NY